**Walter E. DE BINDER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 16036.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 31, 1961.

Decided May 18, 1961.

---

1. Cf. Shewmaker v. Capital Transit Co., 1944, 79 U.S.App.D.C. 102, 103, 143 F.2d 142, 143.

Wilbur K. Miller, Chief Judge, dissented.

Mr. Joseph F. Healy, Jr., Washington, D. C., with whom Messrs. C. Edward Leasure and Robert N. Duggan, Washington, D. C. (all appointed by this Court), were on the brief, for appellant.

Mr. Arnold T. Aikens, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty. at the time of argument, and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, Chief Judge, and EDGERTON and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

Appellant was convicted of housebreaking and larceny, after jury trial, in the District Court, D.C.Code §§ 22–1801, 22–2201 (1951). He was sentenced to a term of imprisonment, and appealed.

The case for the prosecution rested principally upon the testimony of the complaining witness. Her testimony at trial identifying appellant as the nocturnal intruder in her daughter's apartment was definite and unequivocal, but it was the only eye-witness testimony offered, and virtually the only evidence directly linking the defendant-appellant to the crime.

The theft occurred in the basement apartment of the house in which appellant—a young man—lived with his parents and his three brothers. One of appellant's brothers is his identical twin. There was evidence that appellant's twin was charged with housebreaking in the same general neighborhood on the same night, the offense allegedly having occurred shortly before the crime here in question. There was also evidence that the same jacket was worn by appellant's twin at that offense and by the intruder who committed the instant offense.

On the morning after the theft the complaining witness was confronted with appellant's twin. She testified that she then said that the twin was not the intruder; however, a defense witness testified that she made a positive identification of the twin as the intruder.

It is not disputed that appellant's twin brother was thereafter arrested (though not tried) for the crime for which appellant was ultimately convicted.

Counsel for defendant-appellant, after establishing that the complaining witness had given testimony before the grand jury on these matters, moved to have the grand jury minutes produced. This motion was denied, upon Government objection. The defense then moved, in the alternative, to have the court inspect the minutes *in camera* to determine whether any inconsistencies existed between the complaining witness' testimony before the grand jury and her testimony at the trial. This motion was likewise denied.

■ It is beyond dispute that "the trial judge may in the exercise of his discretion order the minutes of a grand jury witness produced for use on his cross-examination at trial." Pittsburgh Plate Glass Co. v. United States, 1959, 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323. Such disclosure is not a matter of right; rather "[t]he burden * * * is on the defense to show that 'a particularized need' exists for the minutes which outweighs the policy of secrecy." Ibid. Where the defense is unable to show "any need whatever for the testimony" and disclosure is demanded solely as a matter of right, the Supreme Court has held that grand jury minutes need not be produced. Ibid.

■■ We think in this case appellant's need for the minutes was apparent, and that the burden was met. Here the prosecution's case rested largely upon the testimony of a sole, key, eyewitness. While there is no requirement that the defense make a preliminary showing that contradictions exist between the witness' testimony before the grand jury and her testimony at trial, id., 360 U.S. at page 401, 79 S.Ct.

at page 1241, the trial judge would nevertheless be bound to consider evidence suggesting the possibility of such inconsistencies in exercising his discretion. We find in the record before us ample ground for such suspicion. Given the immediacy of appellant's need, and the apparent reasonableness of his claim, we believe that the trial judge abused his discretion under Fed.R.Crim.P. 6(e), 18 U.S.C.A., in failing to order production of those parts of the witness' grand jury testimony which relate to the same subjects testified to at trial.[1]

■ Considering all the circumstances of this case—in particular the fact that inspection may reveal no inconsistencies —we think that outright reversal is inappropriate. The interests of justice will, we think, be best served in this case by remanding it to the District Court with instructions to permit defense counsel to examine the grand jury testimony of the complaining witness, and to urge upon the court, as grounds for a new trial, any material inconsistencies alleged to exist between such testimony and the testimony of the same witness at the trial. If material inconsistencies are found by the District Court to exist, the District Court shall grant a new trial. If a new trial is denied, the order of denial may be appealed to this court.

So ordered.

WILBUR K. MILLER, Chief Judge (dissenting).

Causing confusion by the introduction of identical twins is a comic device which has been used in literature since Plautus wrote his Menaechmi, upon which Shakespeare based The Comedy of Errors some eighteen hundred years later. I note from the majority opinion that it is effective today in the serious business of a criminal appeal!

I would affirm, without qualification.

---

1. Whether the trial judge should in some cases first inspect the grand jury minutes *in camera* is a matter we need not consider here. Cf. United States v. Alper, 2 Cir., 1946, 156 F.2d 222; United States v. Giampa, 2 Cir., 1961, 290 F.2d 83.