**Robert W. GORDAN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 16537.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 27, 1961.

Jan. 25, 1962.

Decided Jan. 25, 1962.

Mr. George W. Shadoan, Washington, D. C. (appointed by the District Court) for appellant.

Mr. Arnold T. Aikens, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Nathan J. Paulson and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, BASTIAN and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellant was convicted on all counts of a seven count indictment charging violations of the federal narcotics laws. The government's case was based on the testimony of a single witness, police officer Joy, who had been acting in the role of an undercover agent at the time the

prohibited narcotics transactions allegedly took place in July, 1960. The defense offered only one witness in rebuttal,[1] one Oliver Hughes, who was at the time of the trial serving a sentence at the Lorton Reformatory. Officer Joy testified that Hughes and one Rogers, a government informant and "special employee," had been present at one of the narcotics transactions charged. Hughes was called by the defense and in effect denied that he had ever seen Officer Joy prior to trial and further denied that on the day in question he had either pointed out the defendant as a narcotics peddler or witnessed any drug transactions in which the defendant was involved.

The appellant here urges, *inter alia,* that the trial court committed error in refusing to inspect *in camera* the grand jury testimony of Officer Joy to determine whether any inconsistencies existed between what the officer told the grand jury and his testimony at trial.

We have carefully examined appellant's other contentions and find them without merit.

This court has had recent occasion, in DeBinder v. United States, 110 U.S.App. D.C. 244, 292 F.2d 737 (1961) and Jackson v. United States, No. 16342, Nov. 2, 1961, 111 U.S.App.D.C. 353, 297 F.2d 195, to examine the propriety of trial examination of testimony given in the traditional secrecy of the grand jury proceeding. In the DeBinder case the court held that grand jury testimony be produced for defense inspection when the record disclosed that the sole eye-witness to the crime may have been confused as to the identity of the defendant, who was the twin of a man charged with a different crime in the same neighborhood on the same evening. The possibility of confusion was deemed sufficient to show the defendant's "particularized need" for direct production of grand jury minutes under Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959).

In Jackson, a denial of a request for *in camera* inspection by the trial court was affirmed on the ground that there was not a showing of need on the defendant's part. There however, two police officers witnessed the crime and defense counsel stipulated that the testimony of the second detective who was not called as a witness would have been cumulative with that of the detective who was called. This stipulation effectively erased any reasonable basis for doubt as to the credibility of the first officer, and thus eliminated any need to further assure the veracity of his testimony by checking it against his statements to the grand jury.

As we view the matter, the instant case is not controlled by either the DeBinder case or the Jackson case just discussed. Here the government's case hangs by a single thread, the testimony of one police officer, which was categorically and materially controverted by the sole defense witness. Hence credibility was the ultimate issue for the jury. It does not seem to us that the traditional policy of keeping grand jury minutes secret to protect witnesses is served when the particular witness is a police officer whose identity has become known, nor do we think that an impediment to the speedy and orderly administration of justice will be created by requiring the trial judge to examine grand jury minutes of a single uncorroborated prosecution witness, *in camera,* when requested to do so, and to permit the defense to examine the minutes thereafter should the court find significant inconsistencies between the grand jury testimony and the testimony given at trial. Whatever invasion of the historic sanctity of grand jury proceedings such examination may cause, if any, seems to us outweighed by the additional certainty this procedure will lend to the process of verifying as credible the uncorroborated testimony of a sole witness for the government.

To be distinguished from our ruling are those decisions elsewhere which in-

---

1. The defense also called the Assistant United States Attorney as a witness, but for a collateral purpose.

dicate the availability of *in camera* inspection by the trial judge regardless of the number of prosecution witnesses at trial who may also have testified before the grand jury. See, e. g., United States v. Giampa, 290 F.2d 83 (2d Cir. 1961). We do not agree with the broad sweep of those holdings and we decline to adopt a rule which goes so far. We hold simply that when at trial the prosecution presents only one witness in support of the indictment, whose testimony is not otherwise corroborated, and where the testimony of this witness is contradicted by the defense, the trial judge shall, upon request, examine the grand jury testimony of that single witness for possible inconsistencies, and where any significant inconsistency appears to the trial judge he shall make the pertinent portions of the grand jury record available to the defense.

Our holding does not require us to reverse and vacate the judgment in the present case. We remand the case to the District Court with instructions to the District Judge to examine Officer Joy's grand jury testimony *in camera*. If any significant inconsistency between that testimony and his testimony at trial is found by the District Court, the pertinent grand jury minutes shall be made available to the defense. If a motion for a new trial is then made it is to be granted.

Remanded for further proceedings.

BAZELON, Circuit Judge (concurring in part and dissenting in part).

I agree that this Court's decision in DeBinder v. United States, 110 U.S.App. D.C. 244, 292 F.2d 737 (1961), applies in the circumstances of this case. I do not purport to decide whether it also applies where more than one prosecution witness has testified before the grand jury. That case, of course, is not before us.

Under my view of DeBinder, if the District Court's *in camera* inspection of Officer Joy's grand jury testimony reveals inconsistencies with his testimony at trial, the District Court is required to make the grand jury minutes available

to defendant's counsel "to urge upon the court, as grounds for a new trial, any material inconsistencies." Id. 110 U.S.App. D.C. at 246, 292 F.2d at 739. A new trial is required only if the inconsistency is material. The parties are entitled to be heard upon that issue.