**William SIMMONS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 16805.

United States Court of Appeals District of Columbia Circuit.

Argued March 27, 1962.

Decided June 7, 1962.

Petition for Rehearing Denied Oct. 15, 1962.

Mr. Robert N. Kharasch, Washington, D. C. (appointed by this Court) with whom Mrs. Amy Scupi, Washington, D. C., was on the brief, for appellant.

Mr. Judah Best, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Nathan J. Paulson and Harold H. Titus, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, BAZELON and WASHINGTON, Circuit Judges.

BAZELON, Circuit Judge.

Appellant was convicted and sentenced to three to nine years' imprisonment upon an indictment alleging that he stole $21.-25 from the "immediate and actual possession of William H. Speed." In his opening argument to the jury, the United States Attorney offered to prove that appellant, a friend of Speed's, had knocked on Speed's window and thus induced him to admit two men who blindfolded and robbed him. Continuing, the United States Attorney said, "the evidence will show further that this defendant [appellant] stood in the vestibule or the doorway of Mr. Speed's house acting as a lookout and turned the light out in the house when the robbery was committed."

When called as a witness for the Government, Speed testified that appellant entered the apartment, and said: "This

is a hold-up"; that appellant then blindfolded Speed, asked him where his money was and, upon being told that it was in a pocket-book, stole $21.25. Thereupon, appellant's counsel asked the trial court to inspect *in camera* the minutes of Speed's testimony before the grand jury, and to turn over to the defense "those statements which are in fact inconsistent" with what Speed said at trial. The motion was denied. We think it should have been granted.

Had the United States Attorney known that Speed would testify differently, it is unlikely that he would have told the jury in his opening statement that appellant stood in the vestibule during the robbery, or that he would have called Speed as his first witness. It is therefore reasonable to infer that Speed's testimony at trial differed from his testimony before the grand jury. If so, the minutes of that testimony might well reveal inconsistencies which would impeach Speed's credibility. The only justification for denying appellant's motion for an *in camera* inspection would be the traditional policy of keeping grand jury minutes secret.

█ We note at the outset that an *in camera* inspection by the trial court does not breach the secrecy of grand jury proceedings. The original testimony is not made available to the defense unless and until that inspection reveals inconsistencies. Four reasons are generally advanced for keeping grand jury minutes secret: "(1) To prevent the accused from escaping before he is indicted and arrested or from tampering with the witnesses against him. (2) To prevent disclosure of derogatory information presented to the grand jury against an ac-

cused who has not been indicted. (3) To encourage complainants and witnesses to come before the grand jury and speak freely without fear that their testimony will be made public thereby subjecting them to possible discomfort or retaliation. (4) To encourage the grand jurors to engage in uninhibited investigation and deliberation by barring disclosure of their votes and comments during the proceedings."[1] None of these policies is jeopardized where, as here, the defense seeks only the inconsistent testimony of a witness who has appeared in open court and not the entire record of the grand jury proceedings. We conclude that a defense request for an *in camera* inspection should be granted whenever it appears that the testimony of an important prosecution witness at trial may be inconsistent with his prior testimony before the grand jury; and if such inspection reveals inconsistencies affecting credibility, his grand jury testimony should be made available to the defense.[2]

█ We think, however, that the error in refusing the defense request for an *in camera* inspection does not require a remand.[3] After appellant's motion was denied, vigorous cross examination and evidence that Speed had given a different account of the crime to the police seriously impaired the value of his testimony. In addition, the prosecutor called a police officer who reported the contents of an alleged oral confession appellant made in the officer's presence. That confession confirmed the United States Attorney's opening statement and contradicted Speed's account of the crime. Thus grave doubt was cast upon Speed's credibility. Under these circumstances, the material

---

1. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 401, 405, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959) (dissenting opinion); United States v. Amazon Industrial Chemical Corp., 55 F.2d 254, 261 (D.Md.1931); Note, 48 Calif.L.Rev. 160 (1960); 24 Am.Jur. Grand Jury 47 (1939).

2. This does not imply that a showing of probable inconsistency is required in all cases. See DeBinder v. United States,

110 U.S.App.D.C. 244, 292 F.2d 737 (1961); Gordan v. United States, 112 U.S.App.D.C. 33, 299 F.2d 117 (1962). Cf. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959) (dictum).

3. Fed.R.Crim.P. 52(a), 18 U.S.C.A. Compare DeBinder v. United States, supra note 2; Gordan v. United States, supra note 2.

inconsistencies which might be revealed by an *in camera* inspection upon remand would be cumulative and hence insufficient to warrant a new trial. Accordingly, the judgment below will be

Affirmed.