Reuben H. HARRELL, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 17350.

United States Court of Appeals District of Columbia Circuit.

Argued March 18, 1963.

Decided April 18, 1963.

---

Mr. George W. Shadoan, Washington, D. C. (appointed by the District Court), for appellant.

Mr. Tim Murphy, Asst. U. S. Atty. with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Alfred Hantman, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and EDGERTON and WRIGHT, Circuit Judges.

WRIGHT, Circuit Judge.

Appellant, a taxi driver, was convicted on both counts of an indictment charging violations [1] of the narcotic laws. The charges stem from a seizure of narcotics from appellant's taxi after it was double-parked discharging a passenger. The principal question presented on the motion to suppress, and on the merits, concerned the credibility [2] of the Government's principal witness, Officer Hutcherson.[3]

Hutcherson admittedly gave several different versions [4] of the incident in suit. But appellant's repeated motions for production of Hutcherson's grand jury testimony, or, in the alternative, for an *in camera* inspection thereof by the court, were denied, apparently on the theory, as the Government argues in brief, that "any possible material inconsistencies which might be revealed by an *in camera* inspection * * * would be merely cumulative * * *."

Not having seen the grand jury testimony,[5] the trial judge was in no position even to speculate on what effect its disclosure might have had on Hutcherson's credibility, with him or with the jury. We cannot assume that Hutcherson was so discredited by the disclosed inconsistencies that further discrediting was impossible. In order to deny the motion to suppress the evidence, and to convict, some part of Hutcherson's disclosed inconsistent testimony had to have been credited. Disclosure of his grand jury testimony might well have been helpful to the court, and to the jury, in determining which part, if any, should have been.

Since the District Court did not have the benefit of Hutcherson's grand jury testimony when it made its ruling on appellant's motion to suppress, we will remand the case with instructions to the trial court to grant the motion to produce [6] and then reconsider its action,

---

1. 68A Stat. 550, as amended, 68 Stat. 1004, 26 U.S.C. § 4704(a), and 35 Stat. 614, as amended, 21 U.S.C. § 174.

2. Hutcherson was the arresting officer. The defense contended that the seizure of the narcotics was pursuant to an unlawful arrest. See Rios v. United States, 364 U.S. 253, 261–262, 80 S.Ct. 1431, 4 L. Ed.2d 1688 (1960); Henry v. United States, 361 U.S. 98, 103, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959). Hutcherson's testimony related to this issue.

3. For a prior consideration by this court of Officer Hutcherson as a witness, see Hansford v. United States, 112 U.S.App. D.C. 359, 364–366, 303 F.2d 219, 224– 226 (1962).

4. Hutcherson testified at the hearing on the motion to dismiss, at the first trial in which the jury was unable to reach a verdict, and at the second trial.

5. Inconsistent testimony on a crucial issue by the principal prosecution witness demonstrated "a particularized need" as required by Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959), to produce the pertinent grand jury minutes. Compare Gordan v. United States, 112 U.S. App.D.C. 33, 299 F.2d 117 (1962).

6. Since Hutcherson is a police officer whose identity and participation in this case are well known, the traditional policy against disclosure of grand jury minutes is overcome by the need to resolve his inconsistent testimony. Compare Gordan v. United States, supra, Note 5, 112 U.S.App.D.C. at 34, 299 F.2d at 118. See also DeBinder v. United States, 110 U.S.App.D.C. 244, 292 F.2d 737 (1961), and Simmons v. United States, 113 U.S.App.D.C. 369, 308 F.2d 324 (1962).

after hearing, on the motion to suppress. If it adheres to its former action on the motion to suppress, it will then determine whether the grand jury testimony is materially inconsistent with Hutcherson's testimony on trial. If so, a new trial should be granted. See DeBinder v. United States, supra, Note 6.

So ordered.