Harold S. CROSS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19270.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 17, 1965.

Decided Nov. 2, 1965.

Mr. Michael H. Gottesman, Washington, D. C. (appointed by this court) for appellant.

Mr. Jerome Feit, Attorney, Department of Justice, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, for appellee. Mr. David C. Acheson, U. S. Atty. at the time the brief was filed, Mr. Frank Q. Nebeker, Asst. U. S. Atty., and Messrs. Barry Sidman and Edwin C. Brown, Jr., Asst. U. S. Attys. at the time the brief was filed, were on the brief for appellee. Mr. John C. Conliff, Jr., U. S. Atty., also entered an appearance for appellee.

Before FAHY, McGOWAN, and LEVENTHAL, Circuit Judges.

LEVENTHAL, Circuit Judge:

Appellant was convicted of robbery on March 8, 1965, after retrial of charges against him. An earlier conviction on the same charges had been reversed by this court because of a prejudicial join-

der of counts. Cross v. United States, 118 U.S.App.D.C. 324, 335 F.2d 987 (1964).

At the second trial, there was no dispute as to the occurrence of a robbery of the Church of the Incarnation on February 23, 1962. The sole issue was whether appellant was one of the robbers. The Government's case against appellant was based principally on the damaging testimony of two accomplices, Hazel Price Peyton and Kay Foster.[1]

In response to the prosecutor's specific questions, Mrs. Peyton testified that she had received no promises of favors from the Government in return for her cooperation. The prosecutor directed no such questions to Miss Foster, but defense counsel on cross-examination elicited from her an admission that Government officials promised to "see what they could do" if she would cooperate with them, and that in fact charges against her were dropped.

In the context of this testimony, and the fact that the Government's case against him rested primarily on the credibility of these accomplices, appellant urges that he was prejudiced by the prosecutor's statement in his closing argument to the jury that both accomplices had stated that they had received no promises of any kind from law enforcement authorities. The prosecutor stated this unequivocally and added that the accomplices' testimony that they received no promises "wasn't contradicted, it wasn't impeached at all. No promises."

The Government argues that its counsel made an honest mistake in the heat of argument. Appellant's counsel agrees that the misstatement was probably unintentional, but argues it was so prejudicial as to require reversal.

While a prosecutor must be given some leeway in argument, it is not the

---

1. Other testimony for the Government included an admittedly weak identification of appellant by a priest at the robbed church, and testimony by owners of two tourist homes that some hours after the robbery, during the same night, appellant and his accomplices checked into a tourist home, checked out, and then checked into another tourist home for the remainder of the night.

heat but the light of argument that is the objective. The prosecutor's task is to fight with hard but not foul blows. Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). A crisp but fair summary of the evidence will be both effective for the prosecution and protective of defendant's just rights. The misstatement here is particularly vexing since the prosecutor conspicuously refrained from putting any questions to Miss Foster on this point, after twice eliciting "no promises" answers from Mrs. Peyton.

■ But we must find substantial prejudice as well as error. Defense counsel who failed to object to the prosecutor's misstatement when it was made, effectively used his argument to remind the jury of the promises made to Miss Foster. The court gave the customary instruction to the jury to rely solely on their own recollection of evidence and not counsel's versions. We think the correction of the prosecution by defense counsel, together with the judge's charge, sufficiently repaired the damage so that the prosecutor's misstatement does not constitute reversible error.

■■ Appellant advances several other contentions, each of little or no merit, and none worthy of comment here. He also argues that reversal is required, if not by these defects taken seriatim, then by the additional impact supplied when they are taken together, particularly in view of the "paper-thin" evidence of appellant's guilt. The relative strength of the evidence against the defendant is a material factor in weighing whether trial errors require reversal. Jones v. United States, 119 U.S.App.D.C. 213, 338 F.2d 553, 554 n. 3 (1964). But here the evidence cannot be fairly characterized as "paper-thin." The Government's case was primarily hinged on accomplice testimony, to be sure; but that testimony was corroborated in part by other evidence, and if believed by the jury, constituted strong evidence of appellant's guilt.

Affirmed.