Jerome **WORTHY**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 19279.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 22, 1965.

Decided Oct. 7, 1965.

Petition for Rehearing En Banc Denied Dec. 6, 1965.

Mr. Benjamin Scott Custer, Jr., Washington, D. C., (appointed by this court), for appellant.

Mr. David W. Miller, Asst. U. S. Atty., with whom Mr. David C. Acheson, U. S. Atty., at the time the brief was filed, Messrs. Frank Q. Nebeker and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Mr. John C. Conliff, Jr., U. S. Atty., also entered an appearance for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and McGOWAN and TAMM, Circuit Judges.

PER CURIAM:

Upon this appeal from a conviction of two narcotics offenses, court-appointed counsel has diligently brought to our attention several points which, in his submission, variously lead either to dismissal of the indictment or a new trial. The very number of such points suggests that they are unequal in substance, and we do not find it necessary to deal expressly with each in our disposition of this appeal. In his oral argument, counsel—rightly, we think—confined himself to three of his contentions; and we turn to them. They, in common with those not discussed, fail to persuade us that the judgment before us should be disturbed.

■ It is first urged that the District Court erred in refusing to dismiss the indictment because of the delay between offense and arrest. In the case of the first offense charged, somewhat less than four months elapsed between the date of the alleged offense on May 20, 1964, and the issuance of the arrest warrant (September 9) and its execution (September 16).[1] We do not regard this delay, as it emerges from this record, as of the order necessitating inquiry into the reasonableness of the conceded police purpose to protect the identity of its undercover officer. Ross v. United States, 121 U.S. App.D.C. ——, 349 F.2d 210, No. 17,877, decided June 30, 1965, intimated that that reasonableness may be assumed within an appropriate range of time; and we think that range was not exceeded here. There are other differences between this case and Ross, i. e., the testimony of a second witness to the crime, the differing personal circumstances of this appellant and Ross, and the greater plausibility given the officer's identification by reason of his many opportunities to observe appellant. In any event, we find no error in the District Court's refusal to dismiss the indictment.

■ The second observer of the May 20 crime was a police informant. The prosecution did not offer him as a witness at the trial, although it did advise the defense of his availability for interview. He was interviewed by defense counsel who, later in the course of the trial, first requested the court to call him as the court's witness. That failing, the defense put him on the stand and then sought the court's permission to ask leading questions, to cross-examine, and to impeach. The failure of the court to accede to these requests is denominated to us as reversible error. We deal here with matters which have immemorially been thought to reside in the trial judge's discretion. Since the defense here presumably knew in advance what the informant's testimony would be, and since it proved in the event to be confirmatory of the policeman's, the trial court may well have thought that the defense, as a matter of trial tactics, had concluded that a greater impact on the jury would be forthcoming by putting

---

1. The second offense, of which appellant was convicted, was alleged in the indictment to have occurred on June 11, 1964, some two weeks after the first. Appellant was, on his appearance before the Commissioner in the course of his first arrest, bound over to await action by the grand jury. On December 8, 1964, the grand jury indicted appellant for the May 20 and June 11 offenses. The Government appears to have believed a third offense occurred on June 1. This last was not pressed, so the prosecutor explained, because of some error made by the chemical analyst. Approximately six months elapsed, thus, between offense and arrest in the case of the second offense. Appellant, however, received concurrent sentences under the Youth Corrections Act; and, in the light of this fact, we do not think it necessary to make the second conviction the occasion for a detailed Ross inquiry. The evidence in respect of this second offense was, as the Government concedes, not as strong as in the case of the first; and the Government has in substance invited us to disregard it. This leaves, of course, some question, as appellant points out, of whether the jury disregarded it in arriving at the first conviction. There was, however, no serious claim of prejudice in this regard made at the trial. See Mackey v. United States, 122 U.S.App.D.C. ——, 351 F.2d 794, No. 18525, decided June 30, 1965.

the informant on and then discrediting him than by arguing to the jury the inferences to be drawn from the Government's not using him. We cannot, especially in the face of Beasley v. United States, 94 U.S.App.D.C. 406, 218 F.2d 366 (1954), cert. denied, 349 U.S. 907, 75 S.Ct. 584, 99 L.Ed. 1243 (1955), say that the trial court erred in refusing to facilitate this stratagem.

 At the close of the Government's case, the defense made a motion, never renewed thereafter, to examine the grand jury minutes for possible inconsistencies between the police officer's testimony there, and that which he had just given at the trial. The trial judge's failure to grant this motion is asserted to be error; and Gordan v. United States, 112 U.S.App.D.C. 33, 299 F.2d 117 aff'd after remand, 114 U.S.App.D.C. 191, 313 F.2d 582 (1962), cert. denied, 374 U.S. 839, 83 S.Ct. 1890, 10 L.Ed.2d 1060 (1963), is invoked as compelling us so to regard it. We do not agree. The request in *Gordan* was made at a point in the trial when the police witness for the prosecution had been directly contradicted by the informant witness for the defense. This dramatic and unsatisfactory state of the record caused this court to say that a look at the grand jury minutes was very much in order. Here, however, the request was made when the police witness was uncontradicted; and such contradiction was never forthcoming except from the defendant's denial that he had committed the crime. When the informant at length took the stand, his testimony had the effect of supporting the police officer's rather than creating, as in *Gordan*, an impasse from which it could only be inferred that one was lying. An aura of secrecy, derived from considerations of public policy, still invests grand jury proceedings. See Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959). A trial judge asked to penetrate it has a delicate problem. The discretion he brings to bear

upon it is not lightly to be regarded as abused. We find no such abuse in this instance.

The judgment of the District Court is Affirmed.