John W. YOUNG, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 21498.

United States Court of Appeals
District of Columbia Circuit.

Argued July 1, 1968.

Decided Nov. 21, 1968.

Petition for Rehearing Denied
Jan. 9, 1969.

Mr. William M. Barnard, Washington, D. C., with whom Mr. Arthur H. Schroeder, Washington, D. C. (both appointed by this court) was on the brief, for appellant.

Mr. John F. Rudy, II, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Miss Carol Garfiel, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and DANAHER and BURGER, Circuit Judges.

DANAHER, Circuit Judge:

Convicted of assault with a dangerous weapon, this appellant has here asserted only one claim of error which need be noticed. During the trial the defense moved for permission to examine testimony before the grand jury given by one Curry, the victim of the assault. Denying the defense motion, the trial judge remarked "Unless you have some very exceptional reason for asking for it I don't intend to grant the request."[1]

On the totality of the evidence adduced through various witnesses and in light of the jury verdict, it is clear enough that the appellant had used a knife to cut Curry. Apparently there had been marital difficulties between the appellant and

---

1. Quite probably the trial judge by the "very exceptional reason" reference had in mind the long standing rule that a showing of "particularized need" was required. But the stricture so implied has surely been tempered by Dennis v. United States, 384 U.S. 855, 874–875, 86 S. Ct. 1840, 16 L.Ed.2d 973 (1966). *And see* Allen v. United States, 129 U.S.App. D.C. 61, 65–68, 390 F.2d 476, 480–483 (1968), as modified August 23, 1968.

his wife. Young testified that he had approached Curry to ask that he leave the wife alone only then to be struck by a tire iron wielded by Curry.

■ When it developed during the trial that Curry was not to appear, the prosecutor stated that if defense counsel "wants to agree that Mr. Curry's Grand Jury testimony be read into the record or received in evidence I would have no objection. But I think otherwise he is not entitled to see it." Defense counsel understandably rejected the proffered stipulation [2] on the ground that it would be "ridiculous to think that I would stipulate to testimony I haven't read."

Thereupon, after colloquy with counsel, the trial judge directed that the transcript of Curry's grand jury testimony be sealed as a court exhibit for possible use on appeal.[3]

■ Had Curry testified we would have had before us a very different situation. Under varying circumstances and in many pre-*Dennis* instances we have made it clear that grand jury minutes of the testimony of a witness who *also testified at trial* must at the very least be examined by the trial judge *in camera*. After examination of such testimony, we

had pointed out, the trial judge should reveal to counsel any inconsistency that is not plainly immaterial.[4] On occasion we ourselves have examined the grand jury minutes.[5]

Although in this case no need for continued secrecy inheres, yet other situations might well present quite different problems.[6] We thus are unwilling to find error as a matter of law, although we have been pressed to say that the *Dennis* and *Allen* holdings should be extended to require the disclosure [7] of the grand jury testimony of the non-appearing Curry. No authority has been cited as so holding, and our diligent search has disclosed none.

We think that in the unique circumstances here disclosed the trial judge in the exercise of the broad discretion permitted by FED.R.CRIM.P. 6(e) might very properly have examined the minutes of Curry's testimony to determine whether or not the trial quest for the truth would have been advanced in light of what Curry had said. Had the trial judge thereupon determined that no relevant inconsistency had appeared and no other basis had developed for utilization of the Curry testimony, that very well could have ended the matter.

2. Not having been subject to cross-examination, the testimony of Curry before the grand jury would not otherwise have been admissible under the circumstances appearing here. *Cf.* Barber v. Page, 390 U.S. 719, 721, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968), and cases cited; Pointer v. Texas, 380 U.S. 400, 407, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), and cases cited; Holman v. Washington, 364 F.2d 618, 622–624 (5 Cir. 1966); Government of Virgin Islands v. Aquino, 378 F.2d 540, 549–552 (3 Cir. 1967).

3. No doubt the trial judge had in mind such situations as appeared in cases cited in Corley v. United States, 124 U.S.App. D.C. 351, 353, 365 F.2d 884, 886 (1966).

4. *Id.* In light of Dennis v. United States, *supra* note 1, we have gone even farther in Allen v. United States, *supra* note 1, where the grand jury witness had testified at the trial. The Second Circuit has held that a defendant should be entitled to see all the grand jury testimony

of each witness on subjects about which that witness shall have testified at the defendant's trial. United States v. Youngblood, 379 F.2d 365, 370 (2 Cir., 1967).

5. *See, e. g.,* Gordan v. United States, 114 U.S.App.D.C. 191, 313 F.2d 582 (1962).

6. *See, e. g.,* Dennis v. United States, 384 U.S. at 868 n. 13, 86 S.Ct. 1840.

7. *Compare* the discussion in Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959), explaining the Court's understanding of the purposes and objectives of the Jencks Act, 18 U.S.C. § 3500. Congress went no farther than to say that, under circumstances carefully circumscribed, defined material is to be produced upon motion of the defense after the witness has testified on direct examination at trial. Reichert v. United States, 123 U.S.App.D.C. 294, 297, 359 F.2d 278, 281 (1966); *cf.* Duncan v. United States, 126 U.S.App.D.C. 371, 379 F.2d 148 (1967).

Since the judge had ordered sealed and made part of the record the Curry transcript, we have ourselves examined that material.[8] Singularly unenlightening, the Curry testimony in essence states only that he had been cut by Young while working on his car; he had no knowledge as to why Young had cut him for he had never had an argument with him "or nothing." He disclaimed any basis for Young's involving his wife with Curry. He had not been questioned by any of the grand jurors.

Obviously whatever he had told the grand jury was not subject to impeachment for Curry did not testify at trial. In short, our examination disclosed no matter of possible assistance to the defense.[9] There was no inconsistency between Curry's version and the substance of the affirmative trial evidence offered through the appellant's mother-in-law and other witnesses. The appellant himself testified concerning his claim of self-defense so that issue was before the trial jury, and the Curry transcript contained nothing to indicate the existence of yet other "relevant considerations" within the purview of Allen v. United States.[10]

In sum, after our examination of the minutes, and our consideration of other claims here advanced, no prejudice appearing,[11] we find no error affecting substantial rights, and the conviction is

Affirmed.

FAHY, Senior Circuit Judge (dissenting):

The rule governing the access of defense counsel to grand jury minutes has developed in cases in which the minutes contain the testimony of a witness who later testifies at the trial. Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973, is now the leading case. It seems pretty clear to me, however, that the rule itself is not restricted to the minutes of such a witness. The right which the rule recognizes is part of an increasingly expansive need for discovery in criminal cases. See, for example, footnote 17 of Dennis, 384 U.S. at 871, 86 S.Ct. 1840. It should include in such a case as the one now before us the minutes of the testimony of a complaining witness, though he did not take the stand at the trial; for the rule should turn on the broad ground of the relevance of the minutes to the proper administration of criminal justice. See Dennis, supra at 870, 86 S.Ct. 1840.

Our decision in Allen v. United States, 129 U.S.App.D.C. 61, 390 F.2d 476, recognizes the broad implications of Dennis. In doing so Allen holds that there must be clear and compelling considerations for denying to the defense access to the minutes—considerations bearing primarily upon whether there is any real need for secrecy. No "particularized need" for access itself is required.

The court points out that in this case there is no compelling reason whatever for secrecy, as evidenced by the willingness of the government to let the jury have access to the minutes; but the court does not find, as I do, need for access. There is considerable uncertainty and conflict about just what occurred. A definite issue of self defense arose for the jury. This, considered with the circumstance that the man appellant is charged with attacking did not testify at trial, gives rise to need for defense counsel, as he sought, to have access to the grand jury testimony of this man in aid

---

8. *See* Gordan v. United States, *supra* note 5.

9. We recognize as did the Court in *Dennis* that an examining judge will not have the same background as trial counsel in an assessment of what undisclosed material may possibly be of assistance to the defense. Here, however, the matter seems so clear we believe our position comports with whatever might be required in the interest of justice.

10. *Supra* note 1, 129 U.S.App.D.C. at 66–67, 390 F.2d at 481–482. The Government stipulated that Young had nothing to do with Curry's non-appearance.

11. United States, v. Socony-Vacuum Oil Co., 310 U.S. 150, 234, 60 S.Ct. 811, 84 L.Ed. 1129 (1940).

of developing the defense through witnesses who did testify.

Aside from reliance upon the absence of Curry at trial, our court, in upholding the trial court's denial of defense counsel's request, relies upon its own examination of the Curry testimony before the grand jury. It states such examination discloses no matter of possible assistance to the defense or such inconsistency between Curry's grand jury testimony and the evidence of other witnesses at trial as to require further action. This conclusion is reached without defense counsel either at trial or on appeal having had access to the minutes the court relies upon for the conclusion it reaches. This seems to me to be contrary to *Dennis, supra* at 874–875, 86 S.Ct. at 1851:

> Nor is it realistic to assume that the trial court's judgment as to the utility of material for impeachment or other legitimate purposes, however conscientiously made, would exhaust the possibilities. In our adversary system, it is enough for judges to judge. The determination of what may be useful to the defense can properly and effectively be made only by an advocate.[22] The

22. See Rosenberg v. United States, 360 U.S. 367, 371 [79 S.Ct. 1231, 1234, 3 L.Ed.2d 1304]; United States v. Cotter, 60 F.2d 689, 692 (C.A.2d Cir. 1932) (L. Hand, J.); United States v. Coplon, 185 F.2d 629, 636–640 [28 A.L.R.2d 1041] (C.A.2d Cir. 1950) (L. Hand, J.), *cert. denied,* 342 U.S. 920 [72 S.Ct. 362, 96 L.Ed. 688].

> trial judge's function in this respect is limited to deciding whether a case has been made for production, and to supervise the process: for example, *to* cause the elimination of extraneous matter and to rule upon applications by the Government for protective orders

in unusual situations, such as those involving the Nation's security or clearcut dangers to individuals who are identified by the testimony produced. Cf. Fed.Rule Crim.Proc. 16(e), as amended in 1966; 18 U.S.C. § 3500(c).

And see Allen v. United States, *supra* at 479, *et seq.*

The right to access does not depend upon a showing of inconsistency, certainly not in a case where the witness has not testified. On the issue of self defense Curry's awareness that appellant believed him to be carrying on an affair with appellant's wife was relevant. Curry's grand jury testimony is indicative of such awareness on his part. With this information in his possession from this source defense counsel's development of appellant's case could have been aided through the examination and cross examination of those who did testify about what occurred.[1] Curry might well have had reason to fear appellant, lending credence to appellant's claim that Curry first attacked him. My basic position, however, is that since the minutes should have been made available to the defense the manner or degree of their utilization by the defense is not for us to decide.

Since the court affirms I need not resolve the question whether the error I find should lead to reversal or to a remand as in *Allen.* I only add my hope that trial judges will no longer deny the defense access to grand jury minutes on the erroneous theory that a "particularized need" for them must be shown, rather than generously affording access unless there is the "clearest and most compelling considerations" for not doing so. Nothing whatever of that character here appears.

1. This is aside from the additional question whether the minutes were themselves admissible in evidence, if appellant, after examining the testimony, had moved for their admission.