James F. GLENN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21899.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 26, 1968.

Decided Oct. 17, 1968.

Petition for Rehearing Denied Jan. 16, 1969.

Mr. Leonard J. Ralston, Jr., Washington, D. C. (appointed by this court) for appellant.

Mr. Albert W. Overby, Jr., Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Scott R. Schoenfeld, Asst. U. S. Attys., were on the brief, for appellee.

Before DANAHER, WRIGHT and LEVENTHAL, Circuit Judges.

DANAHER, Circuit Judge:

The appellant was convicted of two counts of robbery upon evidence that two taxicab drivers, in quick succession, had been robbed at gunpoint. The appellant here contends that the trial court erred in denying a motion for a mistrial based upon an allegedly prejudicial statement by the prosecutor in closing argument. It is urged that the prosecutor had improperly linked the evidence in support of the second count with that offered in connection with the first robbery.

About 5 A.M. on June 25, 1966, two men entered the cab of one Coleman and directed him to a certain destination. As the cab stopped, the man in the rear said "This is it," pointed a gun at the driver, and the other robber in the front seat removed the keys from the ignition and threw them from the cab. He then went through Coleman's pockets and took from him $20 and his watch.

Shortly after the first episode, cab driver Boddie picked up two men near the destination to which Coleman had driven. The pattern for the execution of the robbery of Boddie was all but identical with that followed in the Coleman robbery, with the passenger [1] in the front seat taking from Boddie $12 and his wrist watch. This appellant was positively identified as the one on the rear seat.

Although cab driver Coleman could not certainly identify this appellant, his description of the clothing matched that of the accused. He positively identified his own watch which had been taken from the appellant at the time of arrest. He described the nickel-plated revolver [2] such as was used in both robberies.

Cab driver Boddie positively identified this appellant, and the similarity of the circumstances of the robberies tended to show that the same perpetrators were involved.

The appellant on brief has here contended that "because of the strong case made under the second count and the fact that there was little doubt as to [the appellant's] guilt regarding Count II," the prosecutor had impermissibly in argument linked count 2 with count 1 because of the similarity in the method of robbery.[3] However, defense counsel in argument had himself urged the jurors to be aware constantly "that these are separate crimes which Mr. Glenn is accused of having committed." The trial judge carefully instructed the jury that it could find the appellant guilty on both counts, not guilty on both, or guilty on one count and not on the other. We are satisfied that the jury could not have been confused in view of the argument of counsel and the instructions of the trial

---

1. The passenger in the front seat managed to escape. The evidence showed that this appellant was the one who held the gun in each instance.

2. At trial, Glenn testified that he had bought the gun two weeks earlier from an unknown man whom he had never seen before or after the transaction. He claimed to have bought for $10 Coleman's watch about 5:30 on the morning of the robbery, again from a man he had never seen before or afterward. He explained that it was a matter of coincidence that he had both the gun and the watch on the morning of the robbery.

3. *Cf.* Drew v. United States, 118 U.S. App.D.C. 11, 16, 331 F.2d 85, 90 (1964).

judge. Even were we to say that there was error, it is not reversible,[4] and no prejudice appearing,[5] the conviction is

Affirmed.

4. *Cf.* Cross v. United States, 122 U.S.App. D.C. 283, 285, 353 F.2d 454, 456 (1965).

5. The trial judge pronounced concurrent sentences. *See* Redfield v. United States,

117 U.S.App.D.C. 231, 232, 328 F.2d 532, 533, cert. denied, 377 U.S. 972, 84 S.Ct. 1654, 12 L.Ed.2d 741 (1964).