**UNITED STATES of America, Appellee,**

v.

**Jaime MIRANDA, Appellant.**

**No. 77–1162.**

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1977.

Decided June 8, 1977.

David M. Rhodus of Morris, Larson, King, Stamper & Bold, Kansas City, Mo., for appellant.

Stuart J. Newman, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before STEPHENSON and WEBSTER, Circuit Judges, and BENSON,* District Judge.

STEPHENSON, Circuit Judge.

Defendant appeals from his conviction by a jury on a one-count indictment charging him with knowingly and intentionally possessing, with intent to distribute, heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court[1] imposed a seven year sentence of imprisonment with a special mandatory parole period of three years following confinement. Appellant urges reversal because of trial court error: in refusing to dismiss or in the alternative to suppress testimony because of the government's untimely compliance with pretrial omnibus hearing orders; in failing to suppress evidence secured in violation of the Fourth Amendment; and in failing to grant a mistrial because the prosecutor allegedly read portions of transcripts of taped conversations when only the tapes and not the transcripts were received in evidence. We affirm.

In brief the evidence disclosed that in early October 1976 John Mondaine agreed to disclose the source of his drug supply and further agreed to cooperate with agents of the Drug Enforcement Administration (D.E.A.). Mondaine identified defendant Miranda as his source and agreed to set up a drug purchase from the defendant. Informant Mondaine met Miranda in Los Angeles where defendant agreed to sell the informant 20 ounces of heroin for $25,000. Upon his return to Kansas City in the presence of Special Agent Ryan, the D.E.A. informant made five telephone calls to the defendant. Tapes of these conversations were received in evidence. As a result of these conversations the informant expected defendant and the heroin to arrive at the Kansas City airport on October 25. Defendant did not arrive as expected. Another telephone call to defendant disclosed that the drugs were already in Kansas City with a female who could be located at the downtown Kansas City Holiday Inn.

Thereafter the female courier, April Nealon, who had been recruited by defendant, met the informant at defendant's instructions and proceeded to hand over the package of drugs to the informant. She was promptly arrested by D.E.A. agents and agreed to cooperate. She made two phone calls to defendant in the presence of Special Agent Ryan. These calls were also recorded and tapes thereof received in evidence. No further sales were consummated. Both Nealon and Miranda were named as defendants in the above described indictment. Nealon pled guilty and testified in behalf of the government.

[1] The United States Magistrate at the omnibus hearing ordered the government to furnish the defendant, *inter alia,* at least ten days before trial, a written list of witnesses and their felony records, if any; and any prior acts or convictions upon which the government intended to rely for proof of knowledge or intent. Expert witnesses were to be listed together with their qualifications and the subject of their testimony and a list of prior felony convictions which the government intended to use for impeachment. The government concedes that it did not meet the deadlines prescribed by the magistrate but denies that any prejudice resulted. The defendant had full disclosure of the government's file, there were no surprise witnesses and none are claimed by defendant. Defense counsel was informed three days before trial of the informant's prior conviction.

Just prior to commencement of the trial appellant moved for dismissal or in the alternative, for orders of the court prohibiting introduction of evidence relating to prior convictions of the defendant, prohibiting testimony by government expert witnesses, prohibiting testimony of the informant and prohibiting evidence of prior acts. The trial

---

* The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota, sitting by designation.

1. The Honorable William R. Collinson, United States District Judge for the Western District of Missouri.

court denied the motion to prohibit the calling of the informant and the drug expert as witnesses, but indicated a motion for continuance would be granted if requested by defendant. The court did suppress evidence of prior acts and any attempts to impeach defendant by use of prior convictions because of the government's failure to comply with the pretrial order.

Defendant made it clear that he did not desire a continuance because under that choice he would remain in jail longer. He now claims that under the circumstances he was denied due process. We disagree. Appellant has failed to demonstrate how he was prejudiced at trial by the government's late disclosure under the pretrial order. *See United States v. Taylor,* 542 F.2d 1023 (8th Cir. 1976). Moreover, the court's willingness to grant a continuance gave appellant the opportunity to further investigate the facts belatedly disclosed had he deemed this important to his defense.

■ Appellant's motion to suppress arose out of the extensive search of appellant's apartment at the time of his arrest pursuant to a valid arrest warrant. At the suppression hearing prior to trial the government indicated that the only evidence it would offer as a result of the arrest and accompanying search was that the arresting agent would testify as to the telephone number he observed on the telephone which was in plain sight upon his entry into the apartment. The evidence indicated a broad search of the apartment after defendant's arrest. However, the government confined its offer to the testimony regarding the existence of the telephone number.

We are satisfied that the trial court properly denied the motion to suppress under the plain view doctrine. *Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *United States v. Burton,* 485 F.2d 715 (8th Cir. 1973); *United States v. Blake,* 484 F.2d 50, 57 (8th Cir. 1973), *cert. denied,* 417 U.S. 949, 94 S.Ct. 3076, 41 L.Ed.2d 669 (1974); *United States v. Briddle,* 436 F.2d 4, 7 (8th Cir. 1970), *cert. denied,* 401 U.S. 921, 91 S.Ct. 910, 27 L.Ed.2d 24 (1971); *cf. United States v.*

*Clark,* 531 F.2d 928 (8th Cir. 1976). The D.E.A. agent was at a place he had a right to be when he saw the telephone and observed the number on the dial. He had received a call from Kansas City to effect the arrest of appellant. It was stipulated that the arrest warrant was lawful. The arresting agent had received from Kansas City officials a specific telephone number at which appellant could be called. He then determined the location of that telephone and proceeded to that address. After identifying himself to the person who answered the door he noticed appellant in the room, proceeded with the arrest and observed the telephone number.

It should also be noted that the evidence concerning the telephone number was cumulative. The agent had already testified that he received a telephone number from Kansas City officials and determined the address at which that telephone was located and it was the place where he in fact arrested appellant. In addition, the informant Mondaine and appellant's accomplice Nealon both testified it was the telephone number at which they could reach appellant.

■ Finally, appellant contends the trial court erred in refusing to grant a mistrial for the reason that the government attorney in his rebuttal argument read portions of transcripts of tape recordings of telephone conversations between informant Mondaine and appellant, and between accomplice Nealon and appellant. Upon objection by appellant the court admonished counsel not to read from the transcript and eventually instructed counsel to put the transcript down. In denying the motion for mistrial, the trial court observed that the government attorney could have written down everything from the conversations and read them to the jury. The court had previously cautioned the jury that "these transcripts are not evidence" and that the actual conversations "are the evidence." The jury listened to the tapes during the course of the trial and they were furnished transcripts "simply for [their] aid to try to follow along."

The trial court can best control the course of arguments and is in position to weigh the mischief of improper argument. Here the trial court promptly noted that improper reading from the transcripts was not prejudicial. We are satisfied there was no abuse of discretion on the part of the court in denying a mistrial.

Affirmed.