UNITED STATES of America

v.

David P. BAIRD.

Crim. No. 87–0076.

United States District Court,
District of Columbia.

Nov. 12, 1991.

Jay B. Stephens, U.S. Atty., John M. Facciola, Joan Draper, Office of U.S. Atty., for the Government.

David Kagan–Kans, Fisher, Morin & Kagan–Kans, P.C., Washington, D.C., for David P. Baird.

## MEMORANDUM

CHARLES R. RICHEY, District Judge.

On January 27, 1989, the jury returned a verdict in the above-captioned case finding the defendant David P. Baird guilty of violating 18 U.S.C. §§ 203(a) and (c), the federal conflict of interest statute. Now before the Court is a motion by the defendant for a new trial, based on newly discovered evidence. Upon careful consideration of defendant's motion, the supporting and opposing legal memoranda, and the underlying law, the Court shall deny the defendant's motion, because the evidence does not change the defendant's liability under the statute and would not result in an acquittal in the event of a new trial.

### I. *Background*

This case has a long history which began with an Indictment filed in March, 1987. The Superseding Indictment in this case was filed on January 12, 1989, and charged

the defendant with having violated 18 U.S.C. § 203(a) and (b)(2) (or c, as amended) by receiving or agreeing to receive compensation from the International Science and Technology Institute, Inc. ("ISTI") for services he performed or would perform for ISTI before the United States Coast Guard ("Coast Guard") while he was a special government employee with the Coast Guard. These services included a personal appearance by defendant on behalf of ISTI at a conference on August 9, 1985, at which ISTI presented a contract proposal to representatives of the Coast Guard concerning the New Orleans Vessel Traffic Systems Project.

Trial was held in this matter commencing on January 23, 1989, and resulting in the defendant's conviction. The defendant then filed a motion for judgment of acquittal, which was denied by this Court on May 1, 1990. *See* Opinion, *United States v. David P. Baird*, 778 F.Supp. 534 (D.D.C.1990). The defendant was sentenced on June 1, 1990, to one year incarceration, execution of sentence suspended, and placed on one year's probation, with the requirement that he complete 200 hours of community service, pay a special assessment of $50, and not hold any future positions in the federal government.[1]

The defendant filed a notice of appeal on June 11, 1990. The court of appeals issued a briefing schedule on November 23, 1990, which was suspended on February 14, 1991 pending the filing and resolution of the defendant's motion for a new trial in the district court. The motion for a new trial was filed in this Court on May 21, 1991, and finally became ripe for decision on October 31, 1991, when all the relevant papers and pleadings were before the Court.[2]

The defendant now moves for a new trial because he asserts that he has acquired new evidence regarding his proper classification in the Coast Guard. The defendant says that the new evidence, in the form of amended orders, shows that he should have been classified as a Reserve Officer serving on "temporary active duty for other than training" ("TEMAC"), rather than as serving on "active duty for training" ("ADT") or "special active duty for training" ("SPACDUTRA") at the time set forth in the Indictment. *See* Def.'s Mot. for New Trial, Ex. 3. This difference is significant, the defendant contends, because a reserve officer on TEMAC is not a "special government employee" within the jurisdiction of 18 U.S.C. § 203, as defined in 18 U.S.C. § 202(a), and that therefore he was not subject to § 203. The government argues that the change does not exempt the defendant from the strictures of § 203(a), because he still qualifies as a special government employee, or, if he was not a special government employee, then he was an "officer or employee" of the United States within the ambit of the statute.

## II. *Analysis*

A court may grant a motion for a new trial "if required in the interests of justice." Fed.R.Crim.P. 33. Where the basis for the motion is newly discovered evidence, the defendant must show: (1) the evidence was discovered after trial; (2) the defendant was diligent in seeking to procure the evidence; (3) the evidence is not

---

1. At the time of sentencing, the Court informed the defendant that it had gone to great lengths to assure fairness to him in this matter, as much as in any case in the Court's recollection. The Court told the defendant, in the presence of his mother, that he should put this experience behind him and get on with his life. It was partially to encourage this that the Court suspended the defendant's sentence under the pre-1984 Sentencing Reform Act. The defendant does not appear to have put this experience behind him, and the Court wonders if this continued vendetta is in his best interest.

2. This Court has jurisdiction over this motion. Rule 33 of the Federal Rules of Criminal Procedure provides that where an appeal is pending, the trial court may grant such a motion only on remand. However, the district court does have jurisdiction to "entertain the motion and either deny the motion on its merits, or certify its intention to grant the motion to the Court of Appeals, which could then entertain a motion to remand the case." *United States v. Cronic*, 466 U.S. 648, 667, n. 42, 104 S.Ct. 2039, 2051, n. 42, 80 L.Ed.2d 657 (1984). In this instance the Court shall deny the motion on the merits, for which it has jurisdiction.

merely cumulative or impeaching; (4) the evidence is material; and (5) a new trial would probably produce an acquittal. *United States v. Sensi,* 879 F.2d 888, 901 (D.C.Cir.1989), citing *United States v. Kelly,* 790 F.2d 130, 133 (D.C.Cir.1986); *United States v. Mangieri,* 694 F.2d 1270, 1285 (D.C.Cir.1982).

Here, the defendant has failed to sustain his burden. Even if the evidence is considered newly discovered[3], the defendant has failed to show that a new trial would probably produce an acquittal.

The conflict of interest statute, 18 U.S.C. § 203, *inter alia,* forbids officers and employees of the federal government from seeking or receiving any compensation for representational services in any matter in which the United States is a party or has direct and substantial interest. 18 U.S.C. § 203(a). A special government employee is subject to § 203 only in more narrowly defined circumstances. 18 U.S.C. § 203(c).

Special government employees are defined in 18 U.S.C. § 202(a):

> For the purpose of sections 203, 205, 207, 208, and 209 of this title the term "special Government employee" shall mean an officer or employee of the executive or legislative branch of the United States Government, of any independent agency of the United States or the District of Columbia, who is retained, designated, appointed, or employed to perform, with or without compensation, for not to exceed one hundred and thirty days during any period of three hundred and sixty-five consecutive days, temporary duties either on a full-time or intermittent basis ... Notwithstanding section 29(c) and (d) of the Act of August 10, 1956 (70A Stat. 632; 5 U.S.C. 30r(c) and (d), a reserve officer of the Armed Forces, or an officer of the National Guard of the United States, unless otherwise an officer or employee of the United States, shall be

classified as a special Government employee while on active duty solely for training. A Reserve officer of the Armed Forces or an officer of the National Guard of the United States who is voluntarily serving a period of extended active duty in excess of one hundred and thirty days shall be classified as an officer of the United States within the meaning of section 203 and sections 205 through 209 and 218 ...

■ The defendant argues that since his "new evidence" shows that he was allegedly not a reserve officer on active duty solely for training, he was not a special government employee and therefore not subject to § 203. However, even assuming that the defendant was not a special government employee, the Court concludes that the defendant is subject to § 203 regardless, because if he was not a special government employee, he was an officer of the United States within the meaning of § 202 and § 203.

■ The statute provides that a "Reserve officer of the Armed Forces or an officer of the National Guard of the United States who is voluntarily serving a period of extended active duty in excess of one hundred and thirty days shall be classified as an officer of the United States within the meaning of section 203". 18 U.S.C. § 202(a). The defendant began one set of orders on March 7, 1985, which ran for 139 days until July 23, 1985. His next set of orders indicate service began the very next day, on July 24, 1985, and ran for 69 days until September 30, 1985. *See* Gov't.'s Opp. to Mot., Ex. 1. While on the date of the events charged in the Indictment, August 9, 1985, the defendant was serving under orders for less than 130 days, he had been continuously serving, at that time, for over 130 days. The statute does not specify the circumstances through which a person must be serving more than 130 days.[4]

---

**3.** This point is debatable because, as the government points out, it appears that the defendant knew about this evidence in June, 1989 *See* Gov't.'s Opp. to Def.'s Mot, Ex. 4. The defendant asserts that while he may have been aware of an alleged error regarding his status at this time, he did not know what the final change to his

orders would be, until the amendment was made. The Court will, *arguendo,* give the defendant the benefit of the doubt.

**4.** An earlier portion of the statute, cited above, explicitly allows the compiling of intermittent assignments to determine whether an employee

A common-sense interpretation of the statute would indicate that the question is the amount of time served, not the format in which the orders appeared. In other words, if an officer is in the midst of serving more than 130 days, the statute logically should apply, whether or not the orders changed at some point in the interim. A reserve officer who is in fact serving more than 130 days is not entitled to the exemption from § 203 that Congress created for reserve officers who serve less than 130 days.

The defendant also argues that he was not an officer within the meaning of § 203(a) because it was not established that the defendant was an officer within the meaning of 5 U.S.C. § 2104(a) and 2105(a). This argument is without merit. The only time those statutes were used to define "officer or employee" for the purposes of 18 U.S.C. § 202(a) was in the 1990 Federal Criminal Code, at 18 U.S.C. § 202(c), having been added on November 30, 1989 (eleven months after trial in this action) through the Ethics Reform Act of 1989. *See* Pub.L. 101–194, title IV, § 401 (November 30, 1989). On May 4, 1990, through Public Law 280, Congress amended 18 U.S.C. § 202(c) to read it as it currently appears (with no reference to 5 U.S.C. § 2104(a) and § 2105(a)). The references to 5 U.S.C. § 2104 and § 2105 were not in existence in relation to 18 U.S.C. § 202(c) either at the time of the offense or the time of the trial.

The defendant further argues that § 202(a) contains this reference to Title 5: "Notwithstanding section 29(c) and (d) of the Act of August 10, 1956 (70A Stat. 632; 5 U.S.C. 30r(c) and (d)), a Reserve officer of the Armed Forces ... unless otherwise an officer or employee of the United States, shall be classified as a special Government employee while on active duty solely for training." The defendant states that 5 U.S.C. 30r(d) is the predecessor to 5 U.S.C. 2105(d), and a definition of "employee" is set forth in 5 U.S.C. 2105(a). He then argues that Title 5 contains the laws relating to government organization and is the

"obvious source" for the definition of the term "officer or employee of the United States". *See* Def.'s Resp. to Gov't.'s Opp. at 4–5.

This argument is also meritless. First, sections 29(c) and (d) of the Act of August 10, 1956 offer no support for the defendant's position. Section 29(d) provides, on the contrary, that when *not* on active duty, a Reserve officer "is *not* considered to be an officer or employee of the United States." 70A Stat. 632 (emphasis added). The implication (if any) appears to be that when the Reserve officer *is* on active duty, he or she *is* considered to be an officer or employee of the United States. Second, the fact that Congress deliberately added, and then removed references to 5 U.S.C. § 2104(a) and § 2105(a) demonstrates that it is *not* obvious that Congress intended the definitions given there to apply to 18 U.S.C. § 203.

Finally, the defendant argues that the Indictment never charged him with being an "officer of the United States" within the meaning of § 203(a). This argument also fails. The Superseding Indictment, filed on January 12, 1989, states that on or about August 9, 1985, the defendant *"was an officer and employee of the United States* in the United States Coast Guard of the United States Department of Transportation, *and* was a special government employee, as that term is defined in section 202(a) of Title 18, United States Code". (Emphasis added.) This language includes a charge that the defendant was an "officer" within the meaning of § 203(a) in addition to the charge that he was a special employee. Admittedly, the emphasis of the Indictment was on the charge that the defendant was a special government employee. It stated a violation of 18 U.S.C. § 203(b)(2) (later § 203(c)), which applies only to special government employees. The evidence at trial focused on the defendant's supposed status as a special government employee, as did the Court's jury instructions. *See* Jury Instructions, Janu-

worked for more than 130 days within a year for purposes of determining whether that person is a special government employee, but the portion of the statute at issue here does not specify. 18 U.S.C. § 202(a).

ary 26, 1989 at 1, 11. However, this focus does not invalidate the Indictment, since it encompasses the possibility that the defendant was an officer of the United States. Therefore, the "new evidence" is not at variance with the Indictment. *See United States v. Tarantino*, 846 F.2d 1384, 1391 (D.C.Cir.1988) (stating that evidence must establish facts materially variant with an Indictment and the variance must cause substantial prejudice to warrant reversal).

The fact that the evidence at trial may have emphasized the allegation that the defendant was a special government employee, and the jury was instructed on that basis, while the "new evidence" allegedly indicates that he was instead an officer of the United States, was not prejudicial. The defendant has not shown that a new trial with this additional evidence would probably produce a different result. On the contrary, given the evidence presented with these motions, it does not appear that the defendant and the government dispute the facts regarding the defendant's various assignments, but rather, they dispute the legal significance of these facts. The Court has determined that the "new evidence" does not alter the defendant's legal liability. Under either categorization he was subject to the statute under which he was convicted. Since all the other evidence in the trial remains the same, there is little likelihood that the addition of these new, undisputed facts would cause a jury to reach a different verdict. The allegations regarding the underlying conduct for which the defendant was brought to trial remain unchanged. Therefore, it decidedly would not serve the interests of justice to convene a new trial in this case.

### III. *Conclusion*

For all of the reasons previously stated herein, the Court concludes that the defendant has failed to show that his "newly discovered evidence" would probably result in acquittal if a new trial were held. Accordingly, the Court shall deny the defendant's Motion for a New Trial.